IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kyle Jacob James, #295827, ) | C/A No.: 1:09-2674-CMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Michael McCall, Perry ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

Petitioner Kyle Jacob James filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry ##14, 15]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #16]. Petitioner filed a response in opposition to Respondent's motion. [Entry #20], and Respondent filed a reply [Entry #24]. Having carefully considered the parties' submissions and the record in this case, the court finds that Respondent's motion for summary judgment should be granted.

I.  Procedural Background

Petitioner was indicted by the York County Grand Jury during the June 12, 2003 Term of the Court of General Sessions for eight counts of Assault and Battery with Intent to Kill (ABWIK) (2003-GS-46-1911, 2003-GS-46-1912, 2003-GS-46-1913, 2003-GS-46-

1914, 2003-GS-46-1915, 2003-GS-46-1916, 2003-GS-46-1917, and 2003-GS-46-1918), Possession of a Firearm during the Commission of a Violent Crime (2003-GS-46-1919), Possession of a Pistol by a Person Convicted of a Crime of Violence (2003-GS-46-1920), and Possession of a Stolen Pistol (2003-GS-46-1921). Petitioner was represented by Daniel D'Agostino, Esquire, and Richard D'Agostino, Esquire. App. 1–695.

On August 25–29, 2003, Petitioner was tried by jury before the Honorable Lee S. Alford, Circuit Court Judge. Judge Alford directed a verdict of acquittal on the Possession of a Stolen Pistol charge (2003-GS-46-1921), and the State dismissed the Possession of a Pistol by a Person Convicted of a Crime of Violence charge (2003-GS-46-1920). The jury convicted Petitioner on the remaining indictments for eight counts of ABWIK and one count of Possession of a Firearm during the Commission of a Violent Crime (2003-GS-46-1919). App. 664–65. Judge Alford sentenced Petitioner to twenty years confinement on indictment 2003-GS-46-1912, to be served consecutively to the other sentences he received; twenty years confinement on indictment 2003-GS-46-1917, to be served consecutively to the other sentences he received; five years confinement on the Possession of a Firearm During the Commission of a Violent Crime conviction, to be served consecutively to any other sentences received; and twenty years confinement for 2003-GS-46-1915, 1911, 1913, 1914, 1916, and 1918, all to be served concurrently. App. 693–94. Petitioner was also ordered to pay $15,297.59 in restitution.

Petitioner timely filed a Notice of Appeal on September 5, 2003, and was represented by Joseph L. Savitz, III, Esquire, Acting Chief Attorney of the South Carolina

Office of Appellate Defense. Supp. App. 4–13. Counsel filed an *Anders*[1] brief which asserted the trial judge erred by denying Petitioner's motion to sever the Unlawful Possession of a Stolen Pistol charge from the remaining counts. Petitioner also filed a pro se brief in which he asserted the trial court erred in failing to grant him directed verdict on the eight ABWIK offenses; the prosecutor committed prosecutorial misconduct by bolstering his case in closing argument; and the State violated his Fourteenth Amendment right to due process.

The Court of Appeals dismissed the appeal in an unpublished opinion filed August 23, 2005, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Williams*, 406 S.E.2d 357 (S.C. 1991), and granted counsel's petition to be relieved. Supp. App. 3. The Remittitur was issued on September 8, 2005.

Petitioner filed an application for post-conviction relief (PCR) on September 22, 2005 (2005-CP-46-2430), alleging ineffective assistance of trial counsel and violation of his Fourteenth Amendment right to due process. An evidentiary hearing was held in the PCR Action on November 13, 2007, before the Honorable Larry W. Patterson, Circuit Court Judge. App. 745–80. Petitioner was represented by R. Chadwick Smith, Esquire.

---

[1] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

*Id.* On March 7, 2008, the PCR Court filed an order denying Petitioner's PCR application. App. 781–88.

Petitioner timely filed a Notice of Appeal from the denial of PCR on April 4, 2008. On appeal, Petitioner was represented by Elizabeth A. Franklin-Best, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Counsel filed a Petition for Writ of Certiorari asserting that the PCR judge erred when he determined Petitioner received effective assistance of counsel when counsel did not ask for either a curative instruction or a mistrial when the solicitor referenced, in closing argument, the attacks of 9/11 and claimed that Petitioner's actions amounted to "our second biggest fear these days after a terrorist attack." App. 607: 9–11.

In a letter Order filed June 24, 2009, the South Carolina Supreme Court denied Petitioner's Petition for Writ of Certiorari. The Remittitur issued on July 10, 2009. This habeas petition followed.

II.  Discussion

   A.  Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

> **Ground One:** The trial judge abused his discretion through the application of prejudicial and unreasonable error(s) of law; denial of defendant's pretrial motion to sever the offense titled "Unlawful Possession of a Stolen Pistol."
>
> **Ground Two:** Ineffective assistance of trial counsel for failure to ask for either curative instructions or a mistrial when the solicitor referenced, in closing

arguments, the attacks of 9/11 and claimed that Petitioner's actions amounted to "our second biggest fear these days after a terrorist attack."

B.       Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with

liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.     Habeas Corpus Standard of Review

        1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual

determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

    a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)    (i) there is an absence of available State corrective process; or

> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a

motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

      b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[3] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue

---

[2] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[3] If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*,

477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

        3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state

procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

D. Analysis

1. Procedurally-Barred Grounds

Procedural default is an affirmative defense which is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir.1995).

Although Respondent suggests that Petitioner has failed to properly exhaust Ground One, the undersigned finds that Petitioner sufficiently raised it in his direct appeal for exhaustion purposes. With respect to Ground Two, Respondent does not contest that it was properly preserved and appropriate for merits review.

2. Merits Review

a. Ground One

In Ground One, Petitioner alleges that the trial court abused its discretion in denying his motion to sever the Unlawful Possession of a Stolen Weapon charge from his other charges at trial. During the pretrial discussions, trial counsel moved to sever the Possession of a Stolen Pistol charge, arguing that because the State would have witnesses

testifying that the weapon had been stolen from its rightful owner, that it would be confusing for the jury. App. 10–11. The court declined to sever the charge because it felt there might be evidence that tied in how Petitioner came into possession of the weapon. App. 19–20. Further, the court noted the lack of prejudice to Petitioner in not severing the charge because whether he had possession of the pistol and how he came in possession of the pistol were "part and parcel" of the facts of the case. App. 20.

At trial, the State presented testimony from the owner of the pistol, who testified that he purchased it from a pawn shop in Gastonia, and that it was subsequently stolen from his vehicle. App. 307. Testimony established the pistol retrieved from Petitioner at the club after the shooting had the same serial number as the pistol purchased by the testifying owner. App. 447, 565–66. At the close of the State's case, Petitioner's trial counsel moved for and the court granted a directed verdict on the Unlawful Possession of a Stolen Pistol charge. App. 587–92, 603. The trial court noted the State's failure to prove Petitioner knew the pistol had been stolen. App. 603. The jury was instructed that the Possession of a Stolen Pistol charge had been withdrawn from their consideration. App. 635.

Petitioner now claims in his habeas petition that the trial court erred in denying his motion to sever the Possession of a Stolen Pistol charge before the start of trial. After reviewing the record, the court finds that Petitioner has failed to establish that the trial court unreasonably applied federal law when it denied his motion to sever the charge before the trial began. A motion for severance is addressed to the sound discretion of the

trial court. *State v. Walker*, 623 S.E.2d 122 (S.C. App. 2005); *State v. Simmons*, 573 S.E.2d 856 (S.C. App. 2002). "Joinder is proper if the offenses (1) are of the same general nature or character and spring from the same series of transactions, (2) are committed by the same offender, and (3) require the same or similar proof." *State v. Carter*, 478 S.E.2d 86, 88 (S.C. App. 1996) (*citing City of Greenville v. Chapman*, 41 S.E.2d 865 (S.C. 1947).

Petitioner has not established that the trial court abused its discretion in not granting his motion to sever. The only witness who testified specifically on the possession of the stolen pistol charge was the owner of the pistol, who only stated that the pistol was taken from his vehicle one night, and that he did not know who took it. In light of the lack of evidence to support the Possession of a Stolen Pistol charge at trial, Petitioner cannot establish that he was prejudiced by the trial court's denial of Petitioner's motion to sever the charge from his other charges at trial.

Additionally, the court notes that the Possession of a Stolen Pistol charge was of a similar nature to the Possession of a Weapon during the Commission of a Violent Crime on which the jury convicted Petitioner. Offenses are considered to be of the same general nature where they are interconnected. *State v. Rice*, 629 S.E.2d 393, 395 (S.C. App. 2006) (*citing State v. Grace*, 564 S.E.2d 331 (S.C. App. 2002); *State v. Jones*, 479 S.E.2d 517, 519 (S.C. App. 1996)). The Possession of a Stolen Pistol charge derived from his possession of the pistol, which had been reported stolen, during the commission of the ABWIKs. The evidence required to establish the Possession of a Stolen Pistol charge

was substantially similar to evidence required to establish the Possession of a Weapon during the Commission of a Violent Crime charge. In light of the fact that Petitioner was facing the eight ABWIK charges, a Possession of a Weapon during the Commission of a Violent Crime, and a Possession of a Weapon by a Felon charges, it was not unreasonable for the trial court to believe that the State was going to present evidence establishing how Petitioner came into possession of the weapon on the evening of the shooting. Thus, the trial court could reasonably infer that the evidence of the Possession of a Stolen Pistol charge was connected with his possession of the pistol on the night of the shooting. As a result, Petitioner cannot establish that the trial court abused its discretion in denying his motion to sever the Possession of a Stolen Pistol charge. Petitioner fails to show that the PCR court unreasonably applied federal law to this claim or that the PCR court's ruling was contrary to federal law or that the PCR court's decision was the result of an unreasonable determination of the facts. For the foregoing reasons, the undersigned recommends that summary judgment is appropriate and that Ground One should therefore be dismissed.

      b.     Ground Two

In Ground Two, Petitioner alleges that trial counsel was ineffective for failing to request a curative instruction or move for a mistrial after the solicitor stated that a crime like the one for which Petitioner was being tried was second only to a terrorist attack on the list of things that people fear. Specifically, the solicitor stated during closing argument, "This is – This is probably our second biggest fear these days after a terrorist

attack." App. 607. Trial counsel immediately objected: "Your Honor, I'm going to object, inflaming the jury." *Id.* The trial court responded, "[c]ounsel, I'm going to sustain the objection to that last statement, instruct the jury to disregard the last statement by counsel. The question before the court today and as to this defendant are the charges against this particular defendant. That's what's before the court." *Id.*

The PCR court rejected Petitioner's allegations on this ground, noting that counsel did object, and the court ruled in his favor, instructing the jury to disregard the Solicitor's comment. App. 785.

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

Petitioner cannot establish that the PCR court unreasonably applied federal law to this claim. Petitioner cannot establish that trial counsel was deficient in not requesting a curative instruction or mistrial after the solicitor's statements comparing the rankings of his type of crimes with terrorist attacks. The record reflects that trial counsel immediately objected to the statement, the trial court sustained the objection and immediately gave a curative instruction. App. 607. The court's curative instruction rendered moot the need for counsel to request such an instruction.

Further, Petitioner cannot establish that he was prejudiced by counsel's failure to move for a mistrial because he cannot show he was entitled to a mistrial as a result of the solicitor's passing comment. When considering the propriety of a solicitor's closing argument, the trial court is vested with broad discretion, including the discretion to grant or deny the defendant's mistrial motion. *State v. Durden*, 212 S.E.2d 587 (S.C. 1975). To be entitled to a new trial for improper closing arguments, the test is whether "the Solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Hamilton*, 543 S.E.2d 586, 596 (S.C. App. 2001). Petitioner cannot establish that the solicitor's brief mention of terrorism so infected his trial with unfairness as to make the resulting conviction a denial of due process. In light of the brief and isolated nature of the solicitor's statement during closing argument and the fact that it was immediately addressed with a curative instruction, it is not likely the trial court would have granted a motion for a mistrial.

Because a mistrial motion is not likely to have been successful, Petitioner cannot establish that he was prejudiced by counsel not moving for a mistrial, and thereby cannot prove by clear and convincing evidence that the PCR court unreasonably applied federal law in finding that trial counsel was not ineffective. For the foregoing reasons, the undersigned recommends that summary judgment is appropriate and that Ground Two should therefore be dismissed.

III.     Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment [Entry #14] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 3, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**