IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kyle Jacob James, # 295827, ) | C/A NO. 1:09-2674-CMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden Michael McCall, Perry ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On August 3, 2010, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Respondent filed objections to the Report on August 19, 2010; Petitioner filed objections on August 20, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and the parties' objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order except as noted below.

### GROUND ONE

As to Ground One, the Report finds that "although Respondent suggests that Petitioner has failed to properly exhaust Ground One, the undersigned finds that Petitioner sufficiently raised it in his direct appeal for exhaustion purposes." Report at 12. Respondent has objected, arguing as he did in the motion for summary judgment that Petitioner has not asserted a violation of the Constitution in Ground One, nor did he preserve such a cognizable claim for review in this court. *See* Resp't Obj. at 2 (Dkt. # 32, filed Aug. 19, 2010); Resp't Mem. in Supp. Summ. J. at 15 (Dkt. # 15, filed Dec. 17, 2009). Petitioner argued in his Opposition to Respondent's Motion for Summary Judgment that Respondent's position is "hyper-technical," and that he adequately raised a federal claim because "South Carolina's courts universally recognize that any 'abuse of discretion' characterized by prejudicial error of law that is derived through a criminal proceeding is at the very least, a violation of substantive and/or procedural due process." Memo. in Opp. at 5 (Dkt. # 20, filed Jan. 26, 2010).

Section 2254(a) of Title 28 confers federal habeas jurisdiction for the limited purpose of

2

determining whether a habeas petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although a petitioner need not "cit[e] book and verse on the federal constitution" in order to satisfy the exhaustion requirement of a ground for relief, *Picard v. Conner*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted), the federal claim nevertheless must be "fairly presented" to the state court, *id*. at 275. "[I]t is the petitioner's argument to the court rather than the court's decision that is dispositive [of whether a petitioner has sufficiently raised an argument to the court]." *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999).

Fair presentation mandates that the federal claim "be presented face-up and squarely. . . . Oblique references which hint that a theory may be lurking in the woodwork will not suffice." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted). The issue must be presented in such a way that a state court is not required to look beyond "a petition or brief (or a similar document" to be aware of the federal claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Additionally "both the operative facts and the controlling legal principles must be presented to the state court." *Jones v. Sussex I State Prison*, 591 F.3d 707, 713 (4th Cir. 2010 (internal quotation marks and citation omitted). Importantly, the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim. *See Reese*, 541 U.S. at 29; *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam). The Court has drawn no distinction between citation to a state-as opposed to a federal-case, so long as the cited case rested its holding on federal law. *Reese*, 541 U.S. at 32; *see Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir.2003) (en banc) ("[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue.").

As specifically relates to due process, an allegation that certain acts violated state law does not exhaust a claim that the same acts violated due process. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000). This is true even if the federal claim alleges that the state courts' decisions were so aberrant under state law as to violate due process. *Ramdass v. Angelone*, 187 F.3d 396, 408 (4th Cir. 1999).

Petitioner's appeal brief, submitted by counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), makes no mention of the federal due process issue which Petitioner contends is inherently present in the issue presented in Ground One. *See* Attachment to Return, Dkt. #15-4 at 11-12 (filed Dec. 17, 2009). Moreover, the cases cited in that brief are not decisions which rest their holdings on federal law. See *State v. Tucker*, 478 S.E.2d 260 (S.C. 1996) (citing South Carolina law to support the position that "a motion for severance is addressed to the sound discretion of the trial judge"), and *State v. Smith*, 470 S.E.2d 364 (S.C. 1996) (citing South Carolina law to support the proposition the trial judge has the power, in his discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced.).[1] It is not until Petitioner's opposition to Respondent's motion for summary judgment that a due process issue is asserted. Memo. in Opp. at 5 (Dkt. # 20, filed Jan. 26, 2010) ("South Carolina's courts universally recognize that any 'abuse of discretion' characterized by prejudicial error of law that is derived through a criminal proceeding is at the very least, a violation of substantive and/or procedural due process.").

This is not a circumstance as encountered by the Supreme Court in *Dye v. Hofbauer*, 546 U.S. 1 (2005), where the federal issue had been squarely raised in state court briefs. This

---

[1] Petitioner's *pro se* brief does contain a federal due process argument, but it relates to his contention that the state court violated his due process rights in allegedly failing to properly file the indictment in his case. *See* Attachment to Return, Dkt. #15-6 at 18-20 (filed Dec. 17, 2009).

4

circumstance is more akin to the situation faced by the Court in *Duncan v. Henry*, *supra*, where the petitioner failed to "apprise the state court of his claim that the . . . ruling of which he complained was not only a violation of state law, but denied him due process of law guaranteed by the Fourteenth Amendment." 513 U.S. at 366. Accordingly, this court agrees with Respondent that a due process claim was not properly presented and preserved for review in the state appellate court.

Petitioner contends in his objections relating to Ground One that the Report "failed to address the merits of the facts" submitted by Petitioner, and that the Report "overlooked, negated, or ignored the merits underlying the Petitioner's claims on this Ground and arrived at an erroneous conclusion" as to the viability of Ground One. Obj. at 3, 5 (Dkt. #34, filed Aug. 20, 2010). Having conducted a *de novo* review of the Report's findings and conclusions, the court concludes that the Report's analysis and conclusion on the merits of Ground One are correct. Petitioner did not assert or preserve a claim under the Constitution and, in the alternative, no due process violation has been shown.

Accordingly, Respondent is entitled to summary judgment on Ground One.

**GROUND TWO**

The Report finds that Petitioner has failed to establish the state Post-Conviction Relief (PCR) court unreasonably applied federal law relating to its determination of the alleged ineffective assistance of counsel claim which is presented in Ground Two.

This court's review of the decision of the PCR court is to determine whether the pertinent state court's order

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [ ] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

5

proceeding.

28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (plurality opinion) (discussing § 2254(d)).

The PCR court, relying on the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), found that Petitioner had failed to show ineffectiveness, as his trial counsel immediately objected to the statement made by the Solicitor in closing argument, the trial court ruled in his (Petitioner's) favor, and that the remark made by the Solicitor did not warrant a request for a mistrial or an additional curative instruction. Attachment to Return, Dkt. #15-3 at 196-97.

The Report, in evaluating the PCR court's application of *Strickland*, concludes that Petitioner cannot establish any ineffectiveness on the part of his trial counsel. Even assuming ineffectiveness, the Report also finds that Petitioner has failed to establish the requisite prejudice necessary to prevail on this ground for relief. Report at 16-17.

Petitioner's objections contend that the Report "did not report highly pertinent facts," and "failed to consider the unfair cumulative prejudice" of the impact of the Solicitor's remarks on the jury deliberations. Obj. at 7 (Dkt. # 34, filed Aug. 20, 2010).

This court has conducted a *de novo* review of the Report's findings and conclusions as to Ground Two, and finds that the Report is correct, and that Respondent is entitled to summary judgment on Ground Two.

**CONCLUSION**

Therefore, Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

# CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 26, 2010

C:\Documents and Settings\moc41\Local Settings\Temp\notesFFF692\09-2674 James v. McCall adopt rr gr sumjgm den cert app.wpd